IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **BONNIE JEAN MONSON, aka BONNIE HAAS,**<br><br>          **Plaintiff,**<br>**v.**<br><br>**ALBERTSON'S INC., a Delaware Corporation,**<br><br>          **Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:07cv290**<br><br>**District Judge Ted Stewart**<br><br>**Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Ted Stewart pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court is Bonnie Jean Monson's ("Plaintiff") motion to compel responses to her discovery requests.[2]  The court has carefully reviewed the memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.  *See* DUCivR 7-1(f).

---

[1] *See* docket no. 5.

[2] *See* docket no. 22.

## DISCUSSION

Plaintiff filed a complaint alleging that Albertson's, Inc. ("Defendant") engaged in a pattern of gender discrimination and harassment, including retaliatory actions against Plaintiff after she complained about the discrimination, that ultimately resulted in her constructive discharge. Plaintiff served Defendant with her first set of written discovery requests, which included interrogatories and requests for production of documents. Defendant timely responded to the interrogatories but did not provide any of the requested documents. Instead, Defendant responded that the documents would be produced at the offices of Defendant's counsel at a time mutually convenient to counsel. Plaintiff reviewed the documents on December 11, 2007. Plaintiff asserts that many of Defendant's answers to the interrogatories were either not answered or were deficient in some manner. Plaintiff also contends that Defendant has failed to provide all of the requested documents. Because attempts to resolve the matter with Defendant were unsuccessful, Plaintiff filed the instant motion to compel.

**(1)  Complaints of Discrimination and Retaliation at Defendant's Utah Stores**

Plaintiff propounded several interrogatories and requests for production of documents upon Defendant seeking detailed information regarding all complaints of gender discrimination and/or sexual harassment, disability discrimination, and/or retaliation in Defendant's Utah stores from 1997 to the present. Plaintiff contends that in response to these discovery requests, Defendant has only provided a two-page table with limited information regarding complaints filed with the UALD/EEOC by Defendant's Utah employees from March 2004 through March 2006.

While Defendant did provide information regarding complaints filed for a two-year period, Defendant contends that information regarding all complaints of discrimination or retaliation for its Utah stores for a ten-year period is not discoverable because it is irrelevant, unduly burdensome, and/or overbroad.  In reply, Plaintiff asserts that she is entitled to discover the information because while an employer may be directly liable for a hostile work environment, an employer may also be vicariously liable.  *See Baty v. Willamette Indus.*, 172 F.3d 1232, 1241 (10th Cir. 1999), *overruled on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002).  Specifically, Plaintiff asserts that while complaints about Kent Haslam ("Mr. Haslam"), Plaintiff's immediate supervisor and alleged perpetrator of gender discrimination and retaliation, are relevant to Defendant's direct liability, all complaints of discrimination and retaliation in Defendant's Utah stores for a ten-year period are relevant to Defendant's vicarious liability.

The court disagrees.  The relevant case law does not support the conclusion that Plaintiff may discover every complaint of discrimination or retaliation in all of Defendant's Utah stores since 1997.  "An employer is directly liable for a hostile work environment created by any employee if the employer's negligence causes the actionable work environment. 'An employer is negligent with respect to sexual harassment if it knew or should have known about the conduct and failed to stop it.'" *Id.* at 1241-42 (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 759 (1998)).  Conversely, "[a]n employer is vicariously (or indirectly) liable for compensatory damages when 'a supervisor with immediate (or successively higher) authority over the employee' perpetrates the Title VII violation." *McInnis v. Fairfield Communities, Inc.*, 458 F.3d

1129, 1136 (10th Cir. 2006) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998)). As an affirmative defense to vicarious liability, an employer may assert that it "exercised reasonable care to prevent and correct promptly any sexually harassing behavior." *Burlington*, 524 U.S. at 765.

It does not follow from the above-cited authority that Plaintiff is entitled to discover every complaint of discrimination at all of Defendant's Utah stores for the past ten years. In Plaintiff's complaint, she alleges that she suffered gender discrimination and retaliation from Mr. Haslam. Thus, the court concludes that Plaintiff may discover only the complaints lodged against Defendant in the stores where she and/or Mr. Haslam worked because that is where the alleged relevant discrimination took place. Plaintiff's requests to discover information regarding other complaints at locations totally unrelated to Plaintiff's place of employment is overbroad and not relevant to her specific allegations.

Furthermore, while the court notes that Plaintiff's complaint is a proposed class action lawsuit, no class has yet been certified. The court is unwilling to allow Plaintiff discovery into matters not directly related to her specific allegations of discrimination, unless and until a class has been certified and Plaintiff can demonstrate that the information is discoverable.

Accordingly, the court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion to compel with respect to all complaints of discrimination in Defendant's Utah stores since 1997. Plaintiff may discover all complaints lodged against Defendant from the stores where Plaintiff and/or Mr. Haslam worked, going back to the date of the first alleged discriminatory incident. Based on Plaintiff's complaint, that would have occurred in 2003. Accordingly, Defendant must

supplement its responses and produce the information requested in Plaintiff's Interrogatory Nos. 1 and 2 and Request for Production of Documents No. 9 from 2003 to the present for the stores in which Plaintiff and/or Mr. Haslam worked.

### (2) Complaints Against Mr. Haslam

In her discovery requests, Plaintiff requested information regarding all complaints against Mr. Haslam since 1997. Plaintiff contends that in response to these discovery requests, Defendant has failed to provide all of the discovery sought. Specifically, Plaintiff states that while Defendant referenced certain exhibits in its responses to the discovery requests, it failed to provide one exhibit and the other exhibit referenced does not identify which of the complaints were made against Mr. Haslam. In response, Defendant concedes that complaints of gender discrimination and retaliation involving Mr. Haslam are discoverable but asserts that it has attempted to provide the information. Defendant further states that if Plaintiff "believes there were other complaints made against Mr. Haslam, she need only provide identifying information to counsel, and Defendant will attempt to supplement its discovery responses."[3] Plaintiff counters that Defendant has an obligation to attempt to discern the answers to the discovery requests from its management.

The court agrees. It is not Plaintiff's duty to surreptitiously investigate other complaints against Mr. Haslam and then provide identifying information to counsel. It is Defendant's responsibility to investigate the matter and inquire of its management regarding the information requested by Plaintiff. Because complaints made against Mr. Haslam are discoverable and

---

[3] Docket no. 24.

Defendant concedes that they are, the court **GRANTS** Plaintiff's motion to compel with respect to complaints filed against Mr. Haslam since 1997. Accordingly, Defendant must supplement its responses and produce all of the information requested in Plaintiff's Interrogatory No. 3 and Request for Production of Documents No. 9 (as to Mr. Haslam) from 1997 to the present.

### (3)  Mr. Haslam's Employment History

Plaintiff has also requested information regarding Mr. Haslam's employment history but contends that Defendant failed to produce all of the requested information. Specifically, Plaintiff asserts that Defendant failed to provide information regarding Mr. Haslam's transfers from the stores he has managed, the reasons for his transfers, the individuals involved in making the decisions to transfer him, and any discipline of Mr. Haslam. Defendant does not challenge Plaintiff's entitlement to this information but instead responds by stating that it has produced all of the information it possesses regarding Mr. Haslam's employment.

While Defendant may have provided Mr. Haslam's personnel file to Plaintiff, Defendant must also provide the specific information requested, if it is not contained in Mr. Haslam's personnel file. Accordingly, the court **GRANTS** Plaintiff's motion as to the transfers of Mr. Haslam from the stores he managed, the reasons for his transfers, the individuals involved in making the decisions to transfer him, and any discipline of Mr. Haslam. Defendant must supplement its responses and produce the information requested in Plaintiff's Interrogatory Nos. 4 and 13 and Request for Production of Documents No. 8.

### (4)  Plaintiff's Employment History

Plaintiff requested information regarding her transfer in 2003, her demotion in 2006, her request for vacation time that was submitted in January 2005, the e-mails and other stored electronic data concerning Plaintiff, and the performance of the stores in which she worked from 2002 though her demotion.  Plaintiff asserts that Defendant failed to provide all of the information sought.  In response, Defendant contends that it has produced Plaintiff's personnel file and hundreds of e-mails, both of which contain all the information Plaintiff requested, minus the information concerning the performance of the stores.  Defendant asserts that the financial information is irrelevant but that if it is ordered to produce the information, Plaintiff must enter into a confidentiality agreement given the sensitivity of the information.

Plaintiff responds by stating that the documents produced do not provide reasons for the actions taken.  Plaintiff asserts that "Defendant must make reasonable inquiries to its management to determine the bases for the decisions, and inform [Plaintiff] who the decision-makers were, so that she can obtain information directly from them if they are no longer under Defendant's control."[4]  Plaintiff further contends that she does not believe Defendant's assertions that all e-mails and other stored electronic data had been provided in the initial disclosures because Defendant only provided approximately 100 e-mails regarding Plaintiff.  Plaintiff lastly contends that the financial information is relevant because Defendant has maintained that Plaintiff was denied employment opportunities because of her performance rather than in retaliation for her complaints.

---

[4] Docket no. 26.

As for the information regarding Plaintiff's 2003 transfer, 2006 demotion, and the request for vacation time, the court **GRANTS** Plaintiff's motion. While Defendant may have provided documents it believed to be responsive to Plaintiff's requests, if the reasons provided for the actions taken against Plaintiff are not contained within the documents produced, Defendant must inquire of its management and provide Plaintiff with the reasons for the actions taken, where and when that information is still available. Simply because it was not included in an email does not excuse Defendant from further inquiry to ascertain whether the requested information is still available. As for the e-mails and other stored electronic data concerning Plaintiff, the court **DENIES** Plaintiff's motion. Plaintiff's bald assertion that there must be more e-mails than the 100 already produced is not persuasive to the court. As for the financial information, the court concludes that it may be relevant to Defendant's assertion that Plaintiff was transferred and/or demoted based on her performance. Therefore, the court **GRANTS** Plaintiff's motion to compel as to the financial information, subject to a confidentiality agreement. Within ten days of the date of this order, Defendant must prepare and serve upon Plaintiff a proposed confidentiality agreement. Upon entry of the agreement, Defendant must produce the requested documents.

Accordingly, Defendant must supplement its responses and produce the information requested in Plaintiff's Interrogatory Nos. 5, 8, and 9 and Request for Production of Documents No. 13.

### (5)  Defendant's Discrimination Training

Plaintiffs requested detailed information regarding the discrimination and harassment training given to Defendant's Utah employees for the past ten years. In response, Defendant

stated that all employees received training when Defendant rolled out its "Courtesy, Dignity, and Respect" policy (the "Policy"). Plaintiff's counsel sent a letter asking Defendant to supplement its response to include the date upon which the Policy was rolled out. Plaintiff's counsel did not indicate that Defendant's response to that discovery request was deficient in any other respect. Defendant's counsel responded by letter indicating that she would find out the date the Policy was implemented.

In Plaintiff's motion to compel, she states that she "asked Defendant to supplement its response with more detailed information, but it has yet to do so."[5] In Defendant's memorandum in opposition, it contends that it did produce the requested information and that it did not have notice that it need to supplement the discovery response with any thing other than the date the Policy was implemented.[6] In Plaintiff's reply, she asks the court to order Defendant to supplement its discovery response to include "the other information sought in the interrogatory at issue, including whether the [Policy] was the sole method of training employees regarding discrimination, harassment, retaliation, etc. Furthermore, [Plaintiff] is entitled to know when and to whom the training was provided and how often it was repeated, if ever."[7]

The court agrees that Plaintiff may be entitled to this information. Plaintiff, however, did not make the good faith effort to meet and confer about Defendant's specific response to this discovery request, as required by rule 37 of the Federal Rules of Civil Procedure and civil rule

---

[5] Docket no 23.

[6] Defendant indicates that the policy was implemented in October 2001.

[7] Docket no. 26.

37-1 of the Rules of Practice for the United States District Court for the District of Utah. *See* Fed. R. Civ. P. 37(a)(2)(B) ("The motion [to compel] must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action."); *see also* DUCivR 37-1(a) ("Unless otherwise ordered, the court will not entertain any discovery motion, . . . unless counsel for the moving party files with the court . . . a statement showing that the attorney making the motion has made a reasonable effort to reach agreement with opposing attorneys on the matters set forth in the motion."). While Plaintiff requested that Defendant supplement its answer to include the date the Policy was implemented, she did not request any further information. Accordingly, at this time, the court **DENIES** Plaintiff's motion with respect to information regarding the discrimination and harassment training given to Defendant's Utah employees. Plaintiff may renew her motion to compel if attempts to meet and confer with Defendant are unsuccessful.

## CONCLUSION

In summary, **IT IS HEREBY ORDERED** that Plaintiff's motion to compel[8] is **GRANTED IN PART AND DENIED IN PART** as follows:

**(1)** Plaintiff may discover all complaints lodged against Defendant from the stores where Plaintiff and/or Mr. Haslam worked from 2003 to the present. Accordingly, Defendant is **ORDERED** to supplement its discovery responses and produce the information requested in

---

[8] *See* docket no. 22.

Plaintiff's Interrogatory Nos. 1 and 2 and Request for Production of Documents No. 9 from 2003 to the present for the stores in which Plaintiff and/or Mr. Haslam worked.

**(2)**  The court **GRANTS** Plaintiff's motion to compel with respect to complaints filed against Mr. Haslam since 1997.  Accordingly, Defendant is **ORDERED** to supplement its responses and produce all of the information requested in Plaintiff's Interrogatory No. 3 and Request for Production of Documents No. 9 (as to Mr. Haslam) from 1997 to the present.

**(3)**  The court **GRANTS** Plaintiff's motion as to the transfers of Mr. Haslam from the stores he managed, the reasons for his transfers, the individuals involved in making the decisions to transfer him, and any discipline of Mr. Haslam.  Accordingly, Defendant is **ORDERED** to supplement its responses and produce the information requested in Plaintiff's Interrogatory Nos. 4 and 13 and Request for Production of Documents No. 8 as outlined above.

**(4)**  The court **GRANTS** Plaintiff's motion as to the information regarding Plaintiff's 2003 transfer, 2006 demotion, and the request for vacation time.  The court **DENIES** Plaintiff's motion as to the e-mails and other stored electronic data concerning Plaintiff.  The court **GRANTS** Plaintiff's motion to compel as to the financial information, subject to a confidentiality agreement.  Within ten days of the date of this order, Defendant must prepare and serve upon Plaintiff a proposed confidentiality agreement.  Upon entry of the agreement, Defendant is **ORDERED** to produce the requested documents.  Accordingly, Defendant is **ORDERED** to supplement its responses and produce the information requested in Plaintiff's Interrogatory Nos. 5, 8, and 9 and Request for Production of Documents No. 13 as outlined above.

**(5)**  The court **DENIES** Plaintiff's motion with respect to information regarding the discrimination and harassment training given to Defendant's Utah employees.  Plaintiff may renew her motion to compel if attempts to meet and confer with Defendant are unsuccessful.

**(6)**  The court **DENIES** Plaintiff's request for sanctions.

**IT IS SO ORDERED.**

DATED this 30th day of April, 2008.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge